IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:21-CR-00013-KDB-DCK

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**RICHARD ALLEN CLARK,**<br><br>**Defendant.** | **CONSENT ORDER FOR THIRD PARTY PETITION** |

**THIS MATTER IS** before the Court by consent of the United States of America and Petitioner JPMorgan Chase Bank, N.A. ("Petitioner"), through counsel, pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2. The Government and Petitioner have consented to this Order as a final adjudication and settlement of all matters in regard to the following property ("the Property") identified in the Consent Order and Judgment of Forfeiture (Doc. 16):

> **The real property located at 1734 Orchard Drive, Lenoir, North Carolina, more particularly described in a Deed to Richard A. Clark and wife, Linda A. Clark, recorded at Caldwell County Deed Book 1257 Page 0471.**

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS**:

1. On or about May 3, 2012, Petitioner provided a loan in an original principal amount of $111,399.00, advanced on behalf of Borrowers Richard A. Clark and Linda A. Clark, for the Property. Petitioner secured that loan via a Deed of Trust on the Property. Petitioner is the only current lienholder.

2. On June 29, 2021, Petitioner advised the Government via email of Petitioner's intent to assert an interest in the Property and provided documentation on the loan and current payoff

amount. Additionally, on July 13, 2021 Petitioner filed a petition formally asserting that interest. (Document 19). Petitioner asserted an interest, by virtue of the original loan, in the Property. Petitioner has provided documentation and asserted that, as of August 2021, Petitioner is owed a balance due in the amount of $57,349.15 in unpaid principal, interest, escrow advances, and other related charges; has incurred approximately $400 in attorney's fees that are secured by the note; and will continue to incur property insurance in the amount of approximately $106.17 per month until the Property is sold[1] (the sum of these amounts is hereafter referred to as "the Amount Due"). The parties have negotiated this Consent Order to resolve any and all purported interest by Petitioner to the Property.

3. The parties stipulate that Defendant has or had an interest in the Property that is subject to forfeiture under the applicable statute, except that Petitioner's interest is recognized as identified herein. The parties also stipulate that any violations of applicable criminal statutes involving the Property occurred without the knowledge and consent of Petitioner.

4. The Government agrees to sell the Property in a reasonably prompt manner and, upon sale of the Property, pay the Amount Due out of the Net Sale Proceeds to Petitioner. For purposes of this Consent Order, "Net Sale Proceeds" shall include all proceeds remaining after the Government has paid all costs of the sale of the Property. In no case shall the payment of the Amount Due to Petitioner exceed the Net Sale Proceeds of the Property. Petitioner consents to final forfeiture of the Property and agrees to execute all necessary paperwork in order to facilitate sale of the Property.

---

[1] Petitioner agrees to maintain such insurance until either (1) the Property is sold or (2) the Government advises that the Property is otherwise insured. The Government, in-turn, agrees to use Net Sale Proceeds to compensate Petitioner for maintaining such insurance up to and including the date of sale of the Property.

5. This Consent Order shall be in full settlement and satisfaction of all claims by Petitioner to the Property, all claims between Petitioner and the Government arising from any loan or note, the indebtedness for which is secured by the Property, and all claims against the United States resulting from the incidents or circumstances giving rise to this case.

6. The Government and Petitioner waive any rights to further litigate between each other in this forfeiture action to the Property and agree that this Consent Order for Third Party Petition shall be in full settlement and satisfaction of all claims between Petitioner and the Government in this action to the Property and all claims between Petitioner and the Government resulting from the incidents or circumstances giving rise to the forfeiture of the Property.

7. Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

**IT IS THEREFORE ORDERED THAT**:

1. Based upon the stipulations of the parties herein that Petitioner satisfies one or more prongs of 21 U.S.C. § 853(n), this Court hereby grants the Petition and orders the Government to, upon sale of the Property, pay the Amount Due to Petitioner.//
2. Except as provided herein, each party shall be responsible for its own costs and attorney's fees.

**SO ORDERED.**

Signed: August 17, 2021

Kenneth D. Bell
United States District Judge